**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE EDUARDO GARCIA VAZQUEZ, | No. 21-983 |
| Petitioner, | Agency No. A200-150-889 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and PAEZ, Circuit Judges.

Jose Eduardo Garcia-Vazquez, a native and citizen of Mexico, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") affirming

an immigration judge's denial of Garcia-Vazquez's applications for asylum,

withholding of removal, and protection under the United Nations Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1).

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence the factual findings underlying the BIA's determinations. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). We deny the petition for review.

1. Even assuming that Garcia-Vazquez's family membership constituted a protected "particular social group" upon which a claim for asylum or withholding of removal could be based, substantial evidence supports the BIA's finding that Garcia-Vazquez failed to establish a nexus between any persecution and his family membership for purposes of asylum or withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021) (stating nexus requirement for asylum and withholding). Garcia-Vazquez's testimony that a relative was kidnapped for financial reasons did not show a nexus to his family membership. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (finding no evidence of a nexus where gang members killed the petitioner's uncle, but the record contained no indication that his uncle's family membership was a reason why the gang did so). Nor did his testimony that his cousins had experienced violence demonstrate sufficient nexus. *See Korablina v. INS*, 158 F.3d 1038, 1043–44 (9th Cir. 1998) (explaining that, although violence against a petitioner's friends or family members may establish a well-founded fear of persecution, the violence must "create a pattern of persecution closely tied to the petitioner" (internal citation and quotation marks omitted)). Lastly, Garcia-Vazquez's testimony that he feared indiscriminate violence in Mexico did not show a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016

(9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Garcia-Vazquez raises a new argument before this court concerning the particular social group of returning immigrants. Because he failed to make that argument to the BIA, the argument was waived or forfeited, and we decline to consider it on the merits. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture).

2. Substantial evidence also supports the BIA's finding that Garcia-Vazquez failed to establish that he is "more likely than not [to] be tortured with the consent or acquiescence of a public official if removed" to Mexico for purposes of CAT protection. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (explaining the petitioner's burden to show eligibility for CAT protection). Garcia-Vazquez testified that he had experienced no harm while living in Mexico, and neither his testimony that a relative was kidnapped for financial reasons nor his general fear of indiscriminate violence compels the conclusion that he was likely to be tortured if returned to Mexico. *See Santos-Ponce*, 987 F.3d at 891 (holding that "the fact that [the petitioner's] uncle was killed for unspecified reasons, combined with the existence of generalized violence," was insufficient to show a likelihood that the petitioner would be

tortured).

**PETITION FOR REVIEW DENIED.**